IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. ELH-12-00401 |
| | * | |
| SUSAN A. PRATT, | * | |
| | * | |
| Defendant | * | |
| ****** | | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS FOUR, SIX, EIGHT, AND TEN OF THE SUPERSEDING INDICTMENT

Comes now the United States of America, by and through its undersigned counsel, and responds to the defendant's pre-trial motion as follows:

### INTRODUCTION[1]

The four counts in question charge defendant with violating 18 U.S.C. § 209(a), *i.e.*, with "willfully receiv[ing] a contribution and supplementation to her salary as compensation for her services as a Supervisory Traffic Management Specialist for the BOP from a source other than the U.S. government." (Dkt. No. 21.) The counts are based on the consideration described in the Superseding Indictment, specifically: "a gift certificate to Robert Andrews Salon and Spa in Gambrills. Maryland, from J.W. and Moving Company K.M.S.," (Count Four); "spa services at Robert Andrews Salon and Spa in Gambrills, Maryland, from M.K. and Moving Company J.M.M.," (Counts Six and Ten); and "a free move of household goods from one residence to another in Crofton, Maryland from P.M. and Moving Company A.R.S." (Count Eight).

The defendant has moved to dismiss these counts, all of which were introduced in the

---

[1] The factual background for this motion has already been summarized in the government's Response to Defendant's Pre-Trial Motions, to which the Court is respectfully referred. (Dkt. No. 24, at 1-9.)

Superseding Indictment,[2] arguing that the items of value referenced in those counts are non-regular and/or are in-kind services, and, therefore, do not fall under 18 U.S.C. § 209 as a matter of law.  This argument is based almost entirely on the concurring opinion authored by Justice Scalia in *Crandon v. United States*, 494 U.S. 152 (1990), and otherwise finds putative support in the supposed lack of precedential support for the charges.  This argument has no merit.

## ARGUMENT

**I.    Defendant has failed to challenge the presumptive validity of the Counts, which track the language of Section 209(a)**

Federal Rule of Criminal Procedure 7(c)(1) states that an indictment shall be a "plain, concise and definite written statement of the essential facts constituting the offense charged."  An indictment is sufficient if it contains "the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  Ordinarily, an indictment that tracks the statutory language is sufficient. *See id.* at 117 (1974); *United States v. Fogel*, 901 F.2d 23, 25 (4th Cir. 1990).  The sufficiency of an indictment "should be determined by practical, as distinguished from purely technical, considerations." *United States v. Cobb*, 905 F.2d 784, 790 (4th Cir. 1990).

In this instance, the language of the superseding indictment is wholly sufficient.  It is undisputed that each of the four contested counts uses terms that are nearly identical to the statutory language of 18 U.S.C. § 209(a): "[Defendant] willfully received a contribution and

---

[2] Defendant states that "The only change to the gratuity counts[, *i.e.*, those that were charged in the original indictment,] was to add the language 'in connection with handling moves and moving expenses for BOP employees' at the end of each count." (Dkt. No. 31, at 2 n.1.) This is incorrect, as the language was included in the corresponding counts of the original indictment. (Dkt. No. 1.)

supplementation to her salary as compensation for her services as a Supervisory Traffic Management Specialist for the BOP from a source other than the U.S. government, namely, defendant SUSAN A. PRATT received a[n] [item of value] from [individual] and [moving company]." This language closely tracks that of 18 U.S.C. § 209(a) and is therefore presumptively sufficient.

In light of this presumed sufficiency, and in light of the lack of binding legal authority in support of the defendant's arguments, there is no compelling basis for granting the motion to dismiss as a matter of law. Dismissal would amount to rejecting the grand jury's indictment based on little more than defendant's assertion that the benefits she received do not "feel" like salary.[3]

## II.   Counts are consistent with the language, design, and purpose of Section 209(a)

Section 209(a) states that "[w]hoever receives any salary, or any contribution to or supplementation of salary, as compensation for his services as an officer or employee of the executive branch of the United States Government, of any independent agency of the United States, or of the District of Columbia, from any source other than the Government of the United States . . . Shall be subject to the penalties set forth in section 216 of this title."[4] The Counts at

---

[3] This argument, and the gravamen of the motion to dismiss, misconstrue the statute. Defendant begins her motion by arguing that the counts in question should be dismissed "because the uncontroverted evidence indicates that whatever it was that Ms. Pratt allegedly received, it was not 'salary' as that term is used in 18 U.S.C. § 209(a)." (Dkt. No. 31, at 1.) Similar language is found throughout the motion. However, the statute provides for criminal liability where the government officer has received *either* "salary" *or* "contribution to or supplementation of salary."

[4] Section 216(a), in turn, provides that whoever violates 18 U.S.C. § 209(a) "shall be imprisoned for not more than one year or fined in the amount set forth in this title, or both," and whoever does so willfully "shall be imprisoned for not more than five years or fined in the amount set forth in this title, or both."

issue in this motion are consistent with the particular statutory language, the design of the statute as a whole, and also its object and policy. *See Crandon*, 494 U.S. at 158 (discussing these aspects of 18 U.S.C. § 209(a) when determining the meaning of the statute).

Nothing in the language of the statute defines with any particularity the nature of the compensation given to a defendant charged under 18 U.S.C. § 209(a), or otherwise defines the term "contribution to or supplementation of salary, as compensation for [her] services." Nonetheless, a reasonable reading of the phrase "contribution to or supplementation of salary" indicates that the receipt of any item of value might qualify under the statute – subject to the requirement that the item of value served "as compensation for" the services of a government official. *See United States v. Project on Gov't Oversight,* 616 F.3d 544, 560 (D.C. Cir. 2010) (hereinafter, "*P.O.G.O.*") ("A payment is 'prohibited' by § 209(a) if it is intended to compensate an employee for government work."). It is therefore reasonable to interpret the statute as criminalizing the receipt of compensation in whatever form that compensation might take, so long as it has an ascertainable value. *See* Office of Government Ethics Memorandum Regarding 18 U.S.C. § 209 Guidance, dated July 1, 2002, available at http://www.oge.gov/OGE-Advisories/Legal-Advisories/02x4--18-U-S-C--§-209-Guidance/ (defining "contribution to or supplementation of salary" as "any thing of monetary value received by an employee").

Reading 18 U.S.C. § 209(a) in the context in which it was codified, that is, based on the "design of the statute as a whole," *Crandon*, 494 U.S. at 158, it is clear that the statute's scope is to be read broadly rather than narrowly. Section 209(a) "is one of almost two dozen statutory provisions addressing bribery, graft, and conflicts of interest that were revised and compiled at Chapter 11 of the Criminal Code in 1962." *Id.* at 158-59 (citing 18 U.S.C. §§ 201-224); *cf. U.S.*

*v. Sun-Diamond Growers of California*, 526 U.S. 398 (1999) (evaluating 18 U.S.C. § 201(c)(1)(A) gratuities charge as "merely one strand of an intricate web of regulations, both administrative and criminal, governing the acceptance of gifts and other self-enriching actions by public officials," *e.g.*, 18 U.S.C. §§ 201-224).  Viewed in this context, it is clear that there is a hierarchy of potential criminal charges for items of value provided to government officials, descending from the narrow in scope to the more broad: from bribery charges under 18 U.S.C. § 201(b), which carry the heaviest evidentiary burden for the government and the highest potential term of imprisonment for the defendant (15 years); to gratuities charges under 18 U.S.C. § 201(c)(1), which carry a lesser burden for the government and a smaller potential prison term for the defendant (2 years); and, finally, to salary supplementation under 18 U.S.C. § 209(a), which carries the least burden of all for the government, but can result in the lowest potential term of imprisonment (1 year, unless willfulness is shown).  The *Sun-Diamond* court made this gradation clear, where it considered the full context of these laws and contrasted what it viewed as the "narrow" applicability of 18 U.S.C. § 201(c)(1)(A) with the "broadly prophylactic criminal prohibition upon gift giving" found in 18 U.S.C. § 209(a).  526 U.S. at 408-10.

      This interpretation is entirely consistent with the object of the law, which is a prophylactic rule "intended to prevent even the appearance of wrongdoing . . . that may apply to conduct that has caused no actual injury to the United States," and is furthermore "designed to prohibit and to avoid potential conflicts of interest in the performance of governmental service" and "maintain[] the public's confidence in the integrity of the federal service."  *Crandon,* 494 U.S. at 164-65.  Rather than focusing on the *form* of compensation, this rule "aims at the *source* of Government employees' compensation."  *Id.* at 159 (emphasis added); *see also* Roswell B. Perkins, *The New Federal Conflict-of-Interest Law*, 76 Harv. L. Rev. 1113, 1137 (1963) ("[T]he

form of payment [underlying a Section 209 charge] is clearly of no significance.") (footnote omitted).  In its simplest formulation, then, 18 U.S.C. § 209(a) is "a prohibition of gifts given by reason of the donee's office." *See Sun-Diamond*, 526 U.S. at 408 (contrasting the statute with 18 U.S.C. § 201(c)(1)(A)).

Counts Four, Six, Eight, and Ten are therefore consistent with the particular statutory language of 18 U.S.C. § 209(a), the design of the statute as a whole, and also its object and policy.  *See Crandon*, 494 U.S. at 158.

### III. Section 209(a) applies to salary supplementation provided on an irregular or one-time basis, or as a non-monetary gift

Defendant argues that the items of value provided to Ms. Pratt do not "feel" like salary, largely because they were not cash payments scheduled on a regular, periodic basis.  However, there is nothing in the statutory language that supports that interpretation.  Rather, the language, design, and purpose of the statute indicate that even one-time instances of contribution to or supplementation of salary are illegal, as the Court of Appeals for the District of Columbia found after a close reading of the statute.  *See P.O.G.O.*, 616 F.3d at 560-61.  The *P.O.G.O.* court, whose opinion is cited favorably by the defendant, went on to find that any other interpretation of Section 209(a) would be contrary to the legislative purpose of the law:

> Nor do we think it likely that Congress would have wanted to bar small but periodic payments intended to compensate an employee for his government services, but to permit large single-or irregular-payments that total a far greater sum.  If the statute is intended to prevent the appearance of wrongdoing, as the Supreme Court has repeatedly declared, it is hard to see why the public would regard the former as worse than the latter.

*Id.* at 561.

It is for this reason that multiple courts have had little hesitation in upholding or approving 18 U.S.C. § 209(a) charges based on only a single item of value.  *See, e.g., United*

*States v. Oberhardt*, 887 F.2d 790, 793-94 (7th Cir. 1989) (upholding 18 U.S.C. § 209(a) charge for one-time payment of $200 made in exchange for a printed list of government contractors); *United States v. Muntain*, 610 F.2d 964, 969 (D.C. Cir. 1979) (finding one-time reimbursement of $800 could be found to be compensation, but overturning jury verdict for lack of evidence that the reimbursement was connected to governmental services); *United States v. Gerdel*, 103 F.Supp. 635, 638 (E.D. Mo. 1952) (though $25 payment in question was not charged under precursor statute to 18 U.S.C. § 209(a), the court noted that such lump sum payments would likely have been criminal salary under that statute); *see also United States v. Pezzello*, 474 F. Supp. 462, 463 (N.D. Tex. 1979) (discussing plea agreement in which two distinct payments to a public official, of $1,000 each, represented separate violations of 18 U.S.C. § 209(a)).

The reasoning of the *Gerdel* court is consistent with the broad reach that 18 U.S.C. § 209(a) is intended to have, and is directly contrary to the defendant's understanding that every payment or act charged under the statute must take the form of what one typically thinks of as salary: "The word 'salary' in Section 1914[, the precursor statute to 18 U.S.C. § 209(a),] should be construed in light of the purpose of the Act. To hold a Government employee could receive 'pay' in connection with his services to the Government, from sources other than the Government, and if paid in a lump sum (compensation) no law is violated, but if (the unlikely course) paid in equal regular installments (salary) there was a violation, bears no logical relation to the purpose of the Act." 103 F.Supp. at 638.

Defendant concentrates the vast majority of her motion on arguing that the salary supplementation charged in this case is insufficiently similar to "salary" based on the analysis found in Justice Scalia's concurrence in *Crandon*, 494 U.S. at 159 *et seq*. However, for a number of reasons, this reliance is misplaced. First, the rationale of the concurrence was not

adopted by the majority and, for that reason, does not represent binding authority.  Second, the *Crandon* concurrence is completely undercut by the Supreme Court's unanimous opinion in *Sun-Diamond*, 526 U.S. 398, which describes 18 U.S.C. § 209(a) as "a broadly prophylactic criminal prohibition upon gift giving." *Id.* at 408.  The *Sun-Diamond* opinion was written by Justice Scalia himself, years after *Crandon*, so it appears the *Crandon* concurrence has been orphaned by its author – It is hard to imagine how the later language, which was adopted by a unanimous court and characterizes the payments underlying a Section 209(a) charge as "gifts" and the enforcement scheme as "broadly prophylactic," is anything other than a rejection of the reasoning of the *Crandon* concurrence, which sought to restrict enforcement to only salary-like payments.  Third, to the extent the *Crandon* concurrence has any continuing vitality, it is further undermined by the fact that it has not been adopted or even accepted by other courts – in *P.O.G.O.* the D.C. Circuit went so far as to expressly consider and reject its reasoning.  616 F.3d at 561.  For this reason, even if the *Crandon* concurrence were applicable to this case – which the government in no way concedes – there is no body of law descending from it that might provide this Court with a test to be applied.  Attempting to apply the concurrence would therefore amount to little more than wondering, as defendant urges the court to do, whether or not the items of value that were given to her "feel" like salary.[5]

There is also no basis for finding an exception to 18 U.S.C. § 209(a) for contribution to or supplementation of salary that is provided in the form of services or non-monetary gifts such as

---

[5] In any event, it is entirely unclear that the items of value in this case would fail that undefined test.  Three of the four counts in question concern items of value that were part of a series of similar items of value given to the defendant on multiple occasions, *i.e.*, Count Four concerns the second of two gift cards, and Counts Eight and Ten concern two spa visits in a series of three.

services or gift cards.  *See The New Federal Conflict-of-Interest Law*, 76 Harv. L. Rev. at 1137 ("[T]he form of payment [underlying a Section 209 charge] is clearly of no significance.") (footnote omitted).  To paraphrase the *Gerdel* court, for courts to find that there is a violation of 18 U.S.C. § 209(a) when a government employee is paid in dollars by a non-government source, but that there is no violation when that same payment is made in gift cards, which are largely equivalent to dollars, or services, which have an obvious dollar value, "bears no logical relation to the purpose of the Act."  103 F.Supp. at 638.

## CONCLUSION

For the reasons set forth above, the government requests that the defendant's motion be denied.

                                        Respectfully submitted,

                                        Rod J. Rosenstein
                                        United States Attorney

By:  /s/
      Sean C. Marlaire
      Special Assistant United States Attorney
      Joyce K. McDonald
      Assistant United States Attorney
      36 S. Charles Street
      Baltimore, Maryland 21201
      (410) 209-4800

CERTIFICATE OF SERVICE

      This is to certify that on this 16th day of November 2012, a copy of the foregoing Government's Response to Defendant's Motion to Dismiss Counts Four, Six, Eight, and Ten of the Superseding Indictment was served on counsel for the defendant by e-filing with the Court.

/s/
Sean C. Marlaire
Special Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, MD 21201
410-209-4800